M. L. JACKSON, PROSECUTOR, v. ALEXANDER S. HALSTED.

Submitted December 7, 1911—Decided February 26, 1912.

The Circuit Court has control of all attachment proceedings insti-
tuted in that court, and where the auditor in making sale of
defendant's property, under an order of the court, is guilty of
what amounts in law to an abuse of the order, the Circuit Court
has the same power to set aside such sale as it would have if
the sale had been made by virtue of an execution issued on
a judgment entered in an action at common law.

On *certiorari*.

Before Justices GARRISON, PARKER and BERGEN.

For the prosecutor, *Wescott & Wescott*.

For the defendant, *Wilfred B. Wolcott*.

The opinion of the court was delivered by

BERGEN, J.   The facts disclosed by this record are that
Helen H. Halsted, who was the wife of Alexander S. Halsted,
died seized of certain real estate in the county of Camden, in
this state, in which her husband had an interest; that the
prosecutor in these proceedings, being a creditor of the said
Helen H. Halsted, caused an attachment to be issued out of
the Camden County Circuit Court in which proceeding judg-
ment final was entered, and the auditor appointed in the cause
sold, by order of the said court, the real estate so attached;
that, subsequently, the defendant applied to the said Circuit
Court for a rule to show cause why the judgment and the sale
thereunder should not be set aside.   On the return of the rule
the Circuit Court refused to open the judgment, but set aside
the sale upon the ground that the price for which it was sold
was inadequate.   The plaintiff in the attachment then ob-
tained the allowance of a writ of *certiorari* to review the order
of the court setting aside the sale, the propriety of which order

is the question presented for determination. That the proper method of reviewing proceedings in attachment, had in the Circuit Court, is by *certiorari*, was held by this court in *Curtis* v. *Steever*, 7 *Vroom* 304, Mr. Justice Scudder, speaking for this court, saying that there was no doubt of the power of the Supreme Court to control the abuse of a writ of attachment in a court of inferior jurisdiction, and that the proceedings under the Attachment act are special and statutory, and not according to the course of the common law, and therefore the proper method of review was by writ of *certiorari*, citing *Branson* v. *Shinn*, 1 *Gr.* 250; *Thompson* v. *Eastburn*, 1 *Harr.* 100.

It is also settled in this state that the court, out of which an execution is issued to make and satisfy a judgment therein, may set aside a sale made thereunder. *Voorhis* v. *Terhune*, 21 *Vroom* 147, 158, in which case Mr. Justice Knapp, speaking for the Court of Errors and Appeals, cites with approval, from *Herman on Executions* 406, § 249, as follows: "It is the duty of all courts, when satisfied that a sale made under their process is affected with fraud, irregularity or error, willful disregard of the statutory regulations by the officer, whereby the rights of either of the parties interested are seriously affected, to set aside such sale, upon a proper showing to the court under whose process the sale was made, and order a resale of the property," and if the sale in the present case was based upon an execution and a levy thereunder the power of the Circuit Court to set aside such a sale seems to be thoroughly established in this state. The prosecutor, however, insists that the proceedings in attachment being statutory, and it being admitted that the requirements of the statute have been complied with, the Circuit Court had no jurisdiction or control over the proceeding after it had been consummated by a sale.

The Attachment act (*Pamph. L.* 1901, *p.* 158, § 26) provides that where final judgment shall be entered the auditor may, by order of the court, make sale of lands on which the attachment is a lien, and in making such sale shall give like notice as that required in making sales of land under execu-

tion at law. The auditor is also authorized to sell all personal property attached following the proceedings required in such cases under an action at law.

We are of opinion that the order of the court directing the sale to be made by the auditor is, in substance, an execution, for it is of no consequence in law whether the sale be made by the sheriff or by another officer clothed with similar powers, and an execution is nothing more than the authorization for carrying into effect the judgment or decree of the court, and an order directing an auditor to execute the judgment in attachment has the same effect.

The conclusion which we have reached on this branch of the case is that the Circuit Court out of which an attachment issues has control of all of the proceedings in the attachment suit, and that where the auditor in making a sale of the defendant's property under an order of the court is guilty of what amounts in law to an abuse of the order, the Circuit Court has the same power to set aside such sale as it would have if the sale had been made by virtue of an execution issued on a judgment entered in a common law action.

The prosecutor also insists that the power to set aside such a sale rests exclusively in a court of equity. That question was considered and disposed of in *Voorhis* v. *Terhune, supra,* in which the court said: "Where the parties in interest are all before the court, whose process has been irregularly used, or abused, and full justice can be done by the methods and practice of such court, it would be admitting a fatal weakness in the constitution of such court to concede that it is powerless to do what indisputable justice may demand to be done."

The prosecutor also argues that the Circuit Court reached an improper conclusion on the question of fact regarding the value of the property sold. It is sufficient to say on this point that there was evidence which, if credited, would support the order. It appears that the property was sold while the defendant was absent for $750, and was purchased by the plaintiff, he being the only bidder and the only person present at the sale, and there was proof that the property was worth in the neighborhood of $5,000, and that an actual cash offer had

been made of $3,000. Under these circumstances, it cannot be said that the Circuit Court was guilty of any abuse of discretion in setting aside the sale, and therefore the order appealed from is affirmed.